IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ISAAC MATHIS, # I40363**

    **Plaintiff,**

vs.                                                            Case No. 4:20cv278-MW-MAF

**FLORIDA DEPARTMENT OF
CORRECTIONS, and MARTIN
CORRECTIONAL INSTITUTION,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has submitted an in forma pauperis motion, ECF No. 2, and a § 1983 civil rights complaint, ECF No. 1. Plaintiff's complaint concerns events which transpired at Martin Correctional Institution. ECF No. 2. Although he has not properly named an individual who may be sued under § 1983 as a Defendant, the events occurred at Martin Correctional Institution and the persons identified in Plaintiff's complaint as being involved in the events were employed at that

institution. Martin Correctional Institution is not within the territorial jurisdiction of the Northern District of Florida. Rather, that facility is located in Indiantown, Florida, which is in Martin County. Thus, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United States District Court for the Southern District of Florida, Fort Pierce Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue").

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Southern District of Florida,

Fort Pierce Division, for all further proceedings including a determination of Plaintiff's entitlement to in forma pauperis status.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv278-WS-MAF